IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60227
Summary Calendar

_____

WARDELL ANDREWS,

Plaintiff-Appellant,

versus

CALLIE DANTZLER, individually
and in her official capacity;
JOHN DONNELLY, individually
and in his official capacity,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:97-CV-867-BN
- - - - - - - - - -

March 4, 1999

Before KING, Chief Judge, and HIGGINBOTHAM, and SMITH, Circuit
Judges.

PER CURIAM:[*]

Wardell Andrews, Mississippi state prisoner # R-0460, argues
that the district court abused it discretion in dismissing his 42
U.S.C. § 1983 complaint as frivolous and/or for failure to state
a claim.  He argues that he was denied his rights, including his
right to privacy, under the Fourth and Fourteenth Amendments as
a result of a female guard subjecting him to a strip search.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Andrews also argues that his rights were violated as a result of female guards being permitted to view prisoners using the restroom and taking showers.

We have reviewed the record, including the transcript of the Spears hearing and the briefs of the parties, and have determined that the district court's dismissal of the complaint must be VACATED IN PART and the case REMANDED for further consideration of Andrews' claim concerning the strip search. The district court prematurely dismissed the case without determining that a legitimate security interest of the prison was served by the female guard conducting the strip search. See Elliott v. Lynn, 38 F.3d 188, 191-92 (5th Cir. 1994).

This court has previously indicated that there is no constitutional violation if female guards are employed in guard towers giving a full view of males taking showers. See Letcher v. Turner, 968 F.2d 508, 510 (5th Cir. 1992). Therefore, the dismissal of the portion of Andrews' complaint complaining about female guards in the tower viewing inmates in the rest room and showers is AFFIRMED.

AFFIRMED IN PART; VACATED IN PART AND REMANDED.